IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
JUN 3 0 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

DERRICK EVANS,
                    Plaintiff,

                    v.

Corrections Officer, E.L. BENNETT,
Corrections Officer, M. MAWIHIR,
Corrections Officer, M. WILLIAMS,
Corrections Sergeant, G. HILL
Disciplinary Hearing Officer, MAHUNIT.
Superintendent, P. CHAPPIUS
Director, Special Housing, ALBERT PRACK
in their individual capacities,
                    Defendants.

**COMPLAINT**

CIVIL ACTION
No. _15 CV 6395_

JURY TRIAL
DEMANDED

## I. COMPLAINT

Plaintiff, Derrick Evans, pro-se for his complaint states as follows:

## II. PARTIES, JURISDICTION and VENUE

1.) Plaintiff, Derrick Evans, was confined at the Elmira Correctional Facility (hereafter known as (ECF), located at 1879 Davis st. and Bancroft rd. in the city of Elmira, in the state of New York, from January 7th, 2014 to October 31st, 2014. Plaintiff is currently confined at the Great Meadow Correctional Facility, P.O. Box 51, Comstock, N.Y. 12821

2.) Plaintiff, Derrick Evans, is and was at all relevant times mentioned herein, an adult citizen of the United States and a resident of the state of New York.

3.) Defendant Corrections Officer (C.O.) E.L. BENNETT was at all relevant times mentioned herein employed as a prison guard at the (ECF).

4.) Defendant (C.O.) M. MAWHIR was at all relevant times mentioned herein employed as a prison guard at the (ECF).

5.) Defendant (C.O.) M. WILLIAMS was at all relevant times mentioned herein employed as a prison guard at the (ECF).

6.) Defendant Corrections Sergeant G. HILL was at all relevant times mentioned herein employed as a prison guard supervisor at the (ECF)

7.) Defendant Disciplinary Hearing Officer, **MAHUNIT** was at all relevant times mentioned herein employed as the Vocational Supervisor at the (ECF).

8.) **Defendant** Superintendent, P. **CHAPPIUS** was at all relevant times mentioned herein employed as the superintendent at the (ECF).

9.) Defendant Director, Special Housing, **A. PRACK** was at all relevant times mentioned herein employed at the New York State Department of Corrections and Community Supervision and oversaw the review of inmate disciplinary appeals.

10.) This action arises and is brought pursuant to **42 U.S.C.** Section **1983** to remedy the deprivation, under color of state law, of rights guaranteed by the **EIGTH** and **FOURTEENTH** Amendments to the United States Constitution. This Court has **Jurisdiction** over this action pursuant to 42 U.S.C. Sections 1331 and 1343.

11.) This cause of action arose in the **WESTERN** District of New York. Therefore **VENUE** is proper under 28 U.S.C. Section 1391 (b).

## III. PREVIOUS LAWSUITS BY PLAINTIFF

12.) Plaintiff has filed NO other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment State or Federal.

## IV. EXAUSTION OF ADMINISTRATIVE REMEDIES

13.) Plaintiff has exhausted all available administrative remedies pertaining to the claims outlined herein.

## V. STATEMENT OF CLAIM

14.) At all relevant times mentioned herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of state law to deprive plaintiff of his Constitutional rights guaranteed by the EIGTH and FOURTEENTH Amendments, as set forth more fully below:

## VI. STATEMENT OF FACTS

15.) On May 26, 2014 at approximately 7:58 pm at the Elmira Correctional Facility (hereafter known as (**ECF**), in an area designated as the "Fieldhouse" the plaintiff became the subject of an unprovoked physical attack at the hands of another inmate.

**16.)** For the duration of this attack the plaintiff was repeatedly punched in the head face and neck by this other inmate and at no time did the plaintiff throw any punches towards any person including the other inmate or staff nor did the plaintiff offer any but minimal resistance to the attack other than to protect his face, head and neck from further blows from this other inmate. (SEE surveillance video).

**17.)** Upon both the attacking inmate and the plaintiff falling to the ground, the plaintiff was then grabbed by his feet by two officers and dragged a short distance across the fieldhouse floor. (SEE surveillance video)

**18.)** Defendants E.L. BENNETT, M. MAWHIR and M. WILLIAMS, along with several other unidentified Correction Officers then set upon the plaintiff with several blows to the face and head area. The plaintiffs wrists, ankles and shoulders were painfully bent at akward angles and the plaintiffs back was repeatedly struck, twisted and pressured with defendants knees and subjected to excessive amounts of weight while defendant E.L. BENNETT purposefully and deliberatly raised the plaintiff's head and neck by holding plaintiff in a chokehold and pulling upwards. At the same time defendants M. MAWHIR, M. WILLIAMS and others purposefully and deliberately raised the Plaintiffs lower body while keeping pressure on plaintiffs back, bending the plaintiffs spine backwards in an unnatural position, injuring the plaintiffs spine. At no time did the plaintiff resist.

**19.)** During this entire incident defendant Correction Supervisor G. HILL stood by witnessing the other defendants actions and made no attempt to stop defendants from engaging in the application of unnecessary use of excessive force and deliberately injuring plaintiff.

**20.)** On May 26th 2014 defendant E.L. Bennett then submitted a false misbehavior report and a false use of force report for the sole purpose of justifying the unnecessary and excessive use of physical force. (SEE EXHIBIT 'A')

**21.)** On May 26th 2014 defendant M. Mawhir also submitted a false use of force report to justify such force (SEE EXHIBIT 'A')

**22.)** On May 26th 2014 defendant G. Hill also submitted a false misbehavior report (SEE EXHIBIT 'A')
use of force

23.) On May 29th 2014 defendant Mahunit conducted a superintendents disciplinary hearing based upon the false misbehavior report submitted by E.L. Bennett (SEE EXHIBIT 'B')

24.) On June 6th 2014 the plaintiff appealed defendant Mahunit's decision. That decision was affirmed by defendant A. Prack on August 5th 2014. (SEE EXHIBIT 'C')

25.) On June 26th 2014 the plaintiff filed a grievance pertaining to the false misbehavior and false use of force claims. (SEE EXHIBIT 'C') Grievance was denied.

26.) On July 21st 2014 the plaintiff appealed the grievance to defendant superintendent P. Chappius who denied the grievance. (SEE EXHIBIT 'C')

27.) On 12-3-14 the central office review committee also denied the grievance, thereby exhausting all administrative remedies available to plaintiff. SEE EXHIBIT 'C')

28.) On June 23rd 2014 plaintiff sought to have the video surveillance footage preserved. This request was granted. (SEE EXHIBIT 'D') AND (SEE EXHIBIT 'E')

VII    COUNT ONE : EXCESSIVE USE OF FORCE

29.) Defendants E.L. BENNETT, M. MAWHIR and M. WILLIAMS did in fact apply unnecessary and excessive use of physical force upon the plaintiffs' person with malicious intent to cause serious physical injury, succeeding in causing such injury and utilizing the inmate disciplinary system to justify and mask their actions. U.S. Const. Amend. 8 violation. Cruel and Unusual Punishment.

30.) Defendant G-HILL did in fact excercise deliberate indifference when he failed to protect the plaintiff from harm, that as his duty as supervisor should have been reasonably forseen, failed to intervene and participated in the attempt to justify the use of force by filing an inaccurate use of force report. U.S. Const. Amend. 8, violation. Cruel and Unusual Punishment.

VIII    COUNT TWO : DENIAL OF DUE PROCESS

31.) Defendants P. Chappius, A. Prack and Mahunit deliberatly failed in their respective duties to correct the actions of their subordinates by arbitrarily and capriciously denying the defendant his due process rights to a fair and ~~impartial~~ impartial disciplinary hearing, hearing officer and appeal process which resulted in the

defendant being confined to his cell for 90 days as a disciplinary sanction. **U.S. Const. Amend. 14** Right to due Process.

32.) As a result of the actions of the above named defendants the plaintiff now suffers from debilitating, progressive and chronic back and spinal pain which has and will require future medical attention and medication. These injuries currently and will likely to continue to handicap the plaintiff to the point of preventing the plaintiff from participating in and enjoying his prior physical agility, strength, range of motion and physical activities.

33.) Also, as a result of the actions of the above named defendants the plaintiff has and likely will continue to suffer from emotional trauma and mental anguish which includes but is not limited to loss of sleep, persistant and intense anxiety, paranoia, bouts of depression and deep suspicion for D.O.C.C.S, employees which has and will require medication and medical attention.

34.) Plaintiff requests the amount of $500,000 against defendants **E.L. Bennett**, **M. Mawhir**, **M. Williams** and **G. Hill**. $500,000 against defendant **P. Chappius**. $250,000 against defendant **Mahunit**. $250,000 against defendant **A. Prack**. $1.5 million dollars in compensatory and punitive damages against the above named defendants jointly and severally.

WHEREFORE, Derrick Evans prays for judgment in his favor against all defendants in an amount sufficient to compensate him, but in any event no less than $1.5 million dollars for the physical pain and mental and emotional anguish suffered by him and for future suffering due to the intentional misconduct, and deliberate indifference of the above named defendants, together with his attorney fees and costs, and such additional relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.      Respectfully Submitted

Derrick Evans
pro-se

Defendant Information

Name of Defendant: E.L. Bennett
Official Position of Defendant: Corrections Officer
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis St Elmira, N.Y. 14902


Name of Defendant: M. Williams
Official Position of Defendant: Corrections Officer
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis St Elmira, N.Y. 14902


Name of Defendant: M. Mawhir
Official Position of Defendant: Corrections Officer
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis St Elmira, N.Y. 14902


Continued on next Page

Defendant Information Continued

Name of Defendant: G. Hill
Official Position of Defendant: Corrections Sgt.
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis st Elmira, N.Y. 14902

Name of Defendant: P, Chappius
Official Position of Defendant: Facility Superintendent
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis st. Elmira, N.Y. 14902

Name of Defendant: Mr. Mahonit
Official Position of Defendant: Vocational Supervisor
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis st Elmira, N.Y. 14902

Name of Defendant: Albert Prack
Official Position of Defendant: Director of Special Housing
Defendant is sued in his Individual Capacity
Address of Defendant: Elmira Correctional Facility
1879 Davis st Elmira, N.Y. 14902

# EXHIBIT A

CONTENTS:
    (1) INMATE MISBEHAVIOR REPORT DATED: MAY 26,
2014.
    (1) UOF REPORT #14‑0032 from: C.O.E.L.BENNETT
    (1) UOF REPORT #14‑0032 from: C.O.M.MAWHIR
    (1) UOF REPORT #14‑0032 from: C.O.M.WILLIAMS
    (1) UOF REPORT #14‑032 from: SGT. G. HILL

FORM 2171A (1/12)     STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 1

_____ *Elmira*_____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO ♦ NÚM | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| *Evans, Derick* | *28520* | *V-5-10* |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| *Fild House* | *1/26/14* | *approx 7:52pm* |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

*100.10 direct order, 104.13 disturbance, 104.11 violent conduct*
*104.13 Fighting*

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

*On the above date and approximate time I CO EL Bennett*
*responded to a two man fight between Evans 17206: 7547*
*and Williams 05B0689, I-7-8, With Approximate 178 inmates present,*
*Evans ignored several direct orders to stop exchanging*
*closed fisted blows to inmate Williams head and upper*
*body. Use of force was needed to gain inmate Evans*
*13B0543 compliance. After mechanical restraints were*
*applied there was no further force. INMATE Evans was*
*escorted to medical without incident.*

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| *1/26/14* | *EL. Bennett* | | |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)     SIGNATURES·

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)     FIRMAS·   1. _____

2. _____     3. _____

NOTE: Fold back Page 2 on dotted line before completing below.

| 6. WERE OTHER INMATES INVOLVED? | YES ☒ | NO ☐ | IF YES, GIVE NAME & # *Williams 05B0689 - I-7-8* |
|---|---|---|---|
| ¿HUBO OTROS RECLUSOS ENVUELTOS? | SÍ ☐ | NO ☐ | DE SER SÍ DÉ LOS NOMBRES Y DIN |

7. AT THE TIME OF THIS INCIDENT, WAS INMATE UNDER PRIOR CONFINEMENT/RESTRICTION?     YES ☐     NO ☒
¿ESTUVO EL RECLUSO CONFINADO/RESTRINGIDO PREVIO AL INCIDENTE?     SÍ ☐     NO ☐

OR ♦ O

AS A RESULT OF THIS INCIDENT, WAS INMATE CONFINED/RESTRICTED?     YES ☒     NO ☐
¿SE CONFINO/RESTRINGÓ AL RECLUSO COMO RESUTADO DE ESTE INCIDENTE?     SÍ ☐     NO ☐

8. WAS INMATE MOVED AT ANOTHER HOUSING UNIT?     YES ☐     NO ☒
¿MUDARON AL RECLUSO A OTRA UNIDAD DE VIVIENDA?     SÍ ☐     NO ☐
IF YES, (a) CURRENT HOUSING UNIT _____     (b) AUTHORIZED BY _____
DER SER SÍ, (a) UNIDAD DE VIVIENDA ACTUAL _____     (b) AUTORIZADO POR _____

9. WAS PHYSICAL FORCE USED?     YES ☒     NO ☐     (IF YES, FILE FORM 2104)
¿SE USÓ FUERZA FISICA?     SÍ ☐     NO ☐     (DER SER SÍ, SOMETA EL FORMULARIO No. 2104) _____

AREA SUPERVISOR ENDORSEMENT _     *Jon Will*
ENDOSO DEL SUPERVISOR DEL ÁREA _

Distribution: WHITE - Disciplinary Office   CANARY - Inmate (After review) ♦ Distribución: BLANCA - Oficina Disciplinarie   AMARILLA - Recluso (después de la rosión)

Form IC-22A

### State of New York Department of Correctional Services
### Elmira Correctional Facility
Inter-Departmental Communication

To:   SUPT. CHAPPIUS

From: EL. Bennett C.O.

Subject: UOF 14-0032 Evans, Derrick 13B0563

Date:   5/26/14 Approx. 7:58pm

Inmates Evans, Derrick 13B0563 (I-5-17)                    were observed
fighting in the field house. I responded to the area of the fight

he, inmates refused several direct orders to stop fighting and force
became necessary. I grabbed inmate Evans from behind in a bear hug type body hold placing my
right hand over inmate Evans' right shoulder and my left hand under inmate Evans' left arm.
When this force was applied inmate Evans went face first to the floor. From the bear hug type
position, using my left hand, I made several attempts to grab inmate Evans' left wrist from under
his body. After several attempts I was able to grab inmate Evans' left wrist with my left hand. I
then applied pressure to the middle of inmate Evans' back with my right hand and pulled inmate
Evans' left hand behind his back. Once both hands were behind inmate Evan's back I placed
mechanical wrist restraints on a still struggling inmate Evans. Once inmate Evans was in
restraints he became compliant, I assisted him to his feet, and all force ceased.

Respectfully submitted

EL. Bennett C.O.

Form IC-22A

**State of New York Department of Correctional Services**
**Elmira Correctional Facility**
Inter-Departmental Communication

To:     SUPT. CHAPPIUS

From:  M. Mawhir C.O.

Subject:  UOF 14-0032 Evans, Derrick 13B0563

Date:     5/26/14 Approx. 7:58pm

Inmates Evans, Derrick 13B0563 (I-5-17) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ were observed
fighting in the field house. I responded to the area of the fight ▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆ The inmates refused several direct orders to stop fighting and force
became necessary. I grabbed inmate Evans' right pant leg with both hands and pulled inmate
Evans off o ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. When this force was applied
inmate Evans went face first to the floor. Once on the floor I forced inmate Evans' right ankle
behind his left knee and compressed his left leg to his buttocks trapping inmate Evans' right
ankle behind the left knee allowing me to continue to maintain control of both of inmate Evans'
legs until mechanical restraints were applied. I then ceased to use force on this inmate.

Respectfully submitted

M. Mawhir C.O.

M. Mawhir

Form IC-22A

**State of New York Department of Correctional Services**
**Elmira Correctional Facility**
Inter-Departmental Communication

To:    SUPT. CHAPPIUS

From:  M. Williams C.O.

Subject: UOF 14-0032 Evans, Derrick 13B0563

Date:    5/26/14 Approx. 7:58pm

Inmates Evans, Derrick 13B0563 (I-5-17) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were observed
fighting in the field house. I responded to the area of the fight. ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The inmates refused several direct orders to stop fighting and force
became necessary. I grabbed inmate Evans' right pant leg with both hands and pulled inmate
Evans ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ I took control of inmate Evans'
right wrist with both hands and bent the inmate's wrist inward and down to his back. I held his
wrist to his back until mechanical restraints were applied. I assisted inmate Evans to his feet and
all force ceased.

Respectfully submitted

M. Williams C.O.

Form IC-22A

## State of New York Department of Correctional Services
## Elmira Correctional Facility
Inter-Departmental Communication

To: Supt. Chappius

From: Sgt. G. Hill

Subject: UOF 14-032

Date: 5/26/14

Sir,

At approximately 7:58pm on 5/26/14, inmates Evans, Derrick 13B0563 (I-5-17) ▇▇ were observed fighting in the field house. Officers D. Taft and EL. Bennett responded ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Officers M. Mawhir and M. Williams and several other officers responded to the fight to assist Officers Taft and Bennett. The inmates refused several direct orders to stop fighting and force became necessary. Officers Bennett, Williams and Mawhir used force on inmate Evans consisting of body holds and restraints. Once inmate Evans was in restraints he became compliant He was assisted to his feet and all force ceased. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇ I completed form 2104 indicating the actual force used by the other officers on inmate Evans. Officers Bennett, Williams and Mawhir have written memos and they are in the UOF packet. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Inmate Evans' injuries were reported as 2 superficial scratches to his right arm ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. After photos were taken and medical UOF reports were completed, the inmates were escorted to their housing locations and following cell frisks, were placed on keeplock status. ▇▇▇▇▇▇▇▇

Respectfully Submitted,

*[signature]*

G. Hill, Sergeant

# EXHIBIT B

CONTENTS:
(2) Superintendent Hearing Disposition Rendered
sheets. Pages 1 and 3.

```
05/27/14        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES  PAGE    1
DCP004            SUPERINTENDENT  HEARING DISPOSITION RENDERED
```

              ELMIRA GENER                                TAPE NUMBER :_____

DIN: 13B0563 NAME: EVANS, DERRICK                         LOCATION: 0I-05-17S

INCIDENT DATE & TIME:      05/26/14    07:58°PM    TIER 3

REVIEW DATE:               05/26/14              BY:  LT   WOLF

DELIVERY DATE & TIME:      ___/___/___  ___:___   BY:  ____ _____

HEARING START DATE & TIME: ___/___/___  ___:___   BY:  ____ _____

HEARING END DATE & TIME:   ___/___/___  ___:___   BY:  ____ _____
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / N
DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE?  Y / N
CHARGE
NUMBER     DESCRIPTION OF CHARGES            REPORTED BY          DISPOSITION

104.11   VIOLENT CONDUCT                 CO   EL. BENNETT
------   -----------------------------  ----  --------------------   --

104.13   CREATING A DISTURBANCE
------   -----------------------------                               --

100.13   FIGHTING
------   -----------------------------                               --

106.10   REFUSING DIRECT ORDER
------   -----------------------------

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

```
05/27/14          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE    3
DCP004               SUPERINTENDENT  HEARING DISPOSITION RENDERED
```

DIN: 13B0563 NAME: EVANS, DERRICK                          HEARING DATE:_____:

A. STATEMENT OF EVIDENCE RELIED UPON:
-----------------------------------

B. REASONS FOR DISPOSITION:
-------------------------

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED:_____

_____/_____/_____
   HEARING OFFICER SIGNATURE          INMATE SIGNATURE    DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

_____FOR TIER II HEARINGS-APPEAL TO SUPERINTENDENT WITHIN 72 HOURS.
                              --------------      --------

_____FOR TIER III HEARINGS-APPEAL TO COMMISSIONER WITHIN 30 DAYS.
                              ------------      -------

***SUCCESSFUL PRINT COMPLETION***

# EXHIBIT C

CONTENTS:
(1) APPEAL FORM TO THE COMMISSIONER from:
Derrick Evans Dated: 6/6/14
(1) RESPONSE  to APPEAL from: A. PRACK Dated:
August 5, 2014.
(1) INMATE GRIEVANCE from: Derrick Evans Dated:
6/26/14 GRIEVANCE #EL-42772-14
(1) SUPERINTENDENT'S RESPONSE TO GRIEVANCE
#EL-42772-14 to: Derrick Evans.
(1) CENTRAL OFFICE REVEIW COMMITTEE RESPONSE
to GRIEVANCE Dated: 12/3/14.

FORM 2178A (5/02)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## APPEAL FORM TO COMMISSIONER
### SUPERINTENDENT'S HEARING*

Print or Write Carefully

| DIN# | LAST NAME | FIRST NAME |
|------|-----------|------------|
| 13 B 0563 | Evans | Derrick |

| CURRENT FACILITY | HEARING FACILITY | HEARING DATE |
|------------------|------------------|--------------|
| Elmira | Elmira | 5/29/14 - 6/2/14 |

THE SPECIFIC GROUNDS FOR MY APPEAL ARE AS FOLLOWS:

The following objections were raised during the hearing
and I again raise these same objections now for
the purpose of this appeal. 1) the video footage
clearly shows that I did not strike inmate Williams
at any time during this incident. The hearing officer
was biased and unfair in his decision and penalty,
in total disregard for the standards set forth in chapter
IV. 2) The hearing officer falsely narrated
the incident into the hearing record as the
video footage was playing. 3) The hearing
officer would not grant me the opportunity
to state my objections. 4) The hearing
officer relied upon evidence that was not
available to him by stating that the video
camera did not capture the left side of
me and Williams' body, therefore the hearing
officer could not tell if I was throwing
closed fist punches as stated in the misbehavior
report. 5) The hearing officer made an issue of
why the fight started and indicated this issue
as evidence relied upon when the issue had
no bearing whatsoever in determining whether
or not I threw punches during this incident.
It is clear that the hearing officer abused his
authority in this matter.

D.E.S.

INMATE'S SIGNATURE                          6/6/14
                                            DATE

*Appeals must be submitted within 30 days of receipt of the disposition.
 Mail the top (white) copy to: Director of Special Housing/Inmate Discipline, Central Office

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JOSEPH BELLNIER
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

REVIEW OF SUPERINTENDENT'S HEARING

NAME: EVANS, DERRICK                         NO.  13B0563

HEARING FACILITY:  ELMIRA

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

JUNE 2, 2014,        HAS BEEN REVIEWED AND AFFIRMED ON AUGUST 5, 2014.

ALBERT PRACK
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

USE OF FORCE/FALSE STATEMENT



EC42772-14

To: Inmate Grievance Committee
Elmira Correctional Facility

From: Derrick Evans # 13B0563  Loc. I - 3-16
Elmira Correctional Facility

Date: June 26th 2014

Re: Resubmission of Grievance dated: 6-2-14
Unneccessary Use of Force

On May 26th 2014 force was used by
several officers to allegedly break up a fight
between another inmate and myself. The officer
who filed the misbehavior report felsely stated that
I refused to stop throwing closed fisted blows to the
head and torso of inmate williams. During this
entire incident I never struck inmate williams
therefore the claim made by officer Bennett of
my alleged refusal of a direct order, fighting,
creating a disturbance and violent conduct was solely
orchestrated to justify the unnecessary use of force.
   Action Requested: That all officers involved in this
incident be made to answer for their illegal,
assaultive behavior and disciplined accordingly.

Thank You
D. Se

Form 2133 (REV. 6/06)

Evans, D    13B0563    1-3-16

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. EL42-772-14 | Date Filed 7/1/14 |
|---|---|---|
| | Facility ELMIRA CORRECTIONAL FACILITY | Policy Designation I |
| INMATE GRIEVANCE PROGRAM | Title of Grievance USE OF FORCE/FALSE STATEMENT | Class Code 49 |
| SUPERINTENDENT | Superintendent's Signature | Date 7/15/14 |

| Grievant | Din | Housing Unit |
|---|---|---|
| EVANS, D | 13B0563 | I3-16 |

GRIEVANT CLAIMS ALLEGATIONS OF USE OF FORCE AND FALSE STATEMENTS MADE ON A MISBEHAVIOR REPORT.

CO B...DENIES THESE ALLEGATIONS.

INTERVIEWS WERE CONDUCTED AND WRITTEN STATEMENTS WERE SOLICITED AND ATTACHED.

IN CONCLUSION, THE INVESTIGATION HAS REVEALED NO EVIDENCE THAT THE ALLEGED BEHAVIOR OCCURRED.

GRIEVANCE IS DENIED.

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C. This alleged investigation seems to be incompl partial and biased, considering the fact that there is a video of the incident which is conspicuously missing from the above investigation summary

_____    7/21/14
Grievant's Signature    Date

_____    _____
Grievance Clerk's Signature    Date

* An exception to the time limit may be requested under Directive # 4040, Section 701.6(g).

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION | Grievance Number EL-42772-14 | Desig./Code I/49 | Date Filed 7/1/14 |
|---|---|---|---|
| | Associated Cases | | |
| | Facility Elmira Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Use Of Force/False Statement | | |

12/3/14

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was involved in a properly documented UOF on 5/26/14 when he and another inmate refused orders to stop fighting. CO B... states that the MBR was true and factual, and that only necessary force was used to gain compliance.

CORC notes that a disciplinary hearing may be appealed in accordance with 7 NYCRR, Chapter V, and that this appeal mechanism affords the opportunity to remedy any factual or procedural errors in a disciplinary report. The disposition was affirmed by the Office of Special Housing/Inmate Discipline on 8/5/14.

CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process and Section 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure. An inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

With respect to the grievant's appeal, CORC notes that Sgt. R... reviewed the video tape and his allegations remain unsubstantiated. CORC also notes that he has since been transferred.

JAD/rjq

---------------------------------------------------------------------------------------------------------------------
---------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Karen R. Bellamy

# EXHIBIT D

CONTENTS:
  (1) HANDWRITTEN LETTER to: D.S.S. P.Piccolo
Dated: 6/23/14 from: Derrick Evans.
  (1) MEMORANDUM from: C.Diego,Acting D.S.S.
to: Derrick Evans Dated: 6/23/14
  (1)MEMORANDUM from: C.WOJNAREK, Inmate Records
Coordinator, certifying existance and preservation
of USE OF FORCE CD, RECORDING.

Derrick Evans #13B0563
Elmira Correctional Facility
Loc: I - 3 -16

To: Mr P. Piccolo
Dep. Supt. Security.

June 23rd 2014

Re: Preservation of Video Evidence.

Dear Mr. Piccolo,
I hereby respectfully request that the compact disc containing video footage of the May 26th 2014 incident of which I was involved, in the fieldhouse, be preserved.
This video footage constitutes evidence that may need to be viewed at a later date.
If it is possible I would like to obtain a copy of the above mentioned disc to be mailed to a third party. Please provide me with instructions.
Thank You

c.c. File.

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
*ELMIRA CORRECTIONAL FACILITY*

**OFFICE OF**
**DEPUTY SUPERINTENDENT FOR SECURITY**

*Memorandum*

**TO:**          **D. Evans 13B0563    I-3-16**

**FROM:**      C. Diego, Acting DSS

**DATE:**       **June 23, 2014**

**SUBJECT:**   **DVD of 5/26/14**

---

I am in receipt of your letter dated June 23, 2014.  Please be advised that the DVD pertaining to the incident on May 26, 2014 will be held on file.

C. Diego
Acting Deputy Superintendent for Security
CD: ld
CC:    Inmate File

1

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES AND COMMUNITY SUPERVISION

## SOUTHPORT CORRECTIONAL FACILITY

MEMORANDUM

TO: _EVANS, DERRICK   13B0563      A-12-19_

FROM: C. WOJNAREK, F.O.I.L. OFFICE/INMATE RECORDS COORDINATOR 1 _C.Wojnarek_

SUBJECT: FREEDOM OF INFORMATION LAW REQUEST

DATE: _1/8/15_

_____ This memorandum will acknowledge your Freedom of Information Law request received today. Your request is being handled.

_____ Photocopying costs are $0.25/page and $1.50/audio tape. Please submit a signed, authorized disbursement form.

_____ I have received your request, however, I do not know precisely what you are requesting. Please provide clarification.

_____ The Freedom of Information Law governs access to existing records. Our review indicates the records you requested do not exist in our files.

_____ Pursuant to the Freedom of Information Law, the records you requested are pre-decisional, interagency material and are exempt from disclosure; therefore, you request is DENIED.

_____ Pursuant to the Freedom of Information Law, the records you requested are evaluative and are exempt from disclosure; therefore your request is DENIED.

_____ Your disbursement form has been/will be processed in the amount of $_____. Pursuant to F.O.I.L., the records you requested _____ are enclosed.

_____ Due to insufficient funds, your request cannot be processed.

_____ You may not use an Advanced Request form to purchase F.O.I.L. documents, therefore it is being returned.

_____ Your disbursement is being returned as it has not: been properly authorized / filled out for correct amount / not needed.

_____ For RAP Sheets write: New York State Division of Criminal Justice Services, Alfred E. Smith Building, 80 South Swan St., Albany, N.Y. 12210.

_____ Enclosed is a printout of _____ Discipline History    _____ Time Computation    _____ Visitor List    _____ Overview    _____ Other: _____

_____ Your request has been forwarded to your Offender Rehabilitation Coordinator (ORC) for your review of: _____

_____ FOIL does not require that we answer questions and/or do research, only provide specifically requested documents providing that they exist.

_____ Your request has been forwarded to _____ for processing.

_____ You have been added to the list to review your hearing tapes / legal file.

X _BIRTH CERTIFICATE + U.O.F. CD IN YOUR PERSONAL PROPERTY BAG IN INMATE RECORDS_

_____

_____

You have the right to appeal this decision in writing to the
Office of Counsel, New York State Department of Correctional Services State Office Building #2, 1220 Washington Ave., Albany, N.Y. 12226-2050

# EXHIBIT E

CONTENTS:
   (1) INMATE GRIEVANCE from: Derrick Evans
GRIEVANCE #EL-42953-14 Dated: 8/20/14
   (1) I.G.R.C. REPONSE TO GRIEVANCE #EL-42953-
14 Dated: 9/5/14

PRESERVE
DVD

Dennide Evans #13B0563
Elmira Correctional Facility

To: I.G.R.C.    EL42953-14
Elmira Corr. Fac.

August 20th 2014

In a letter dated June 23rd 2014 to
the Dep-Supt, Sec. I formally requested
the preservation of a DVD which contained
video of an incident that occurred on
5/26/14, in the fieldhouse for which I
was written a tier III misbehavior report.
Not only did I request preservation of
this DVD but I also requested information
on how to send a copy of the DVD to a
third party.
Capt C. Diego responded to my letter in
part by verifying that the DVD would be
preserved on file, but failed to stipulate
how long the DVD would be preserved or
providing me with the information I requested
on how to mail a copy to a third party.
Action Requested: I'm requesting that that
DVD be preserved untill such a time as I
am able to obtain a copy, and send such
copy to a third party and that copy is
certified to contain the footage in question.
Thank You
M. E

FORM 2131E (REVERSE) (REV. 6/06)
  Response of I.G.R.C.

| EL42-953-14 | NAME: EVANS, D. | DIN: 13 B 0563 | LOC: G 1 33 | DATE: 9/5/14 |
|---|---|---|---|---|

It is the recommendation of the IGRC that this grievance is **DENIED.**
Directive 4040(701.5)(b)(4)(i)(c)(4). Additional information at the
hearing revealed grievant is pursuing this issue via a FOIL request,
which was denied because the DVD in question was reported to not
exist. Grievant must appeal this FOIL decision, and may attach any
documents he has to that appeal to show the DVD had been preserved.

Date Returned To Inmate ___ 9/8/14 ___      I.G.R.C. Members _____

Chairperson _____

Return within 7 calendar days and check appropriate boxes. *

☐ I disagree with I.G.R.C. response and
   Wish to appeal to the Superintendent.

☐ I agree with I.G.R.C. response and
   Wish to appeal to the Superintendent.

☐ I have reviewed deadlocked response.
   Pass-Thru to Superintendent.

☐ I apply to the I.G.P. Supervisor for
   review Of dismissal

Signed_____          _____
       Grievant                          Date

    Grievance Clerk's Receipt _____          _____
                              Date

To be completed by Grievance Clerk.

   Grievance Appealed to the Superintendent _____
                                   Date

   Grievance forwarded to the Superintendent for Action _____
                                      Date

* An exception to the time limit may be requested under Directive # 4040, Section 701.6(g)

# EXHIBIT F

CONTENTS:
    (1) HANDWRITTEN LETTER to: Z.CICCONI,NURSE
ADMINISTRATOR Dated: 8/1/14
    (1) HANDWRITTEN MESSAGE Dated: 8/5/14 to:
Derrick Evans

Derrick Evans #13B0563
Elmira Correctional Facility
Loc: I-3-16

To: Z. Cicconi, Nurse Administrator

August 1st 2014

On May 26th 2014 Use of Force was
applied to my person by security staff at this
facility. Since that day I have been having
progressive pain in my lower and upper back /
spine areas. I subsequently sighned up for
sick Call, was given non-aspirin and told that
I would be placed on the list to see the doctor.
There is an issue that I am having with the very
same officer whom conducts keeplock escorts
from I block to the medical unit, and I am afraid
for my safety & well being, should I leave my cell
for any reason, especially to be escorted by this
officer. As a result I missed my doctor/nurse
callout earlier this week.
This issue that I'm having is preventing me from
seeking proper medical treatment for my injury and
I'm respectfully requesting that I, be seen at my
cell by a member of the medical staff as soon as
possible in order to avoid filing a grieunce.
    C.C. File                          Thank You
                                        M. Ec

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**ELMIRA CORRECTIONAL FACILITY**

To: _EVGNS D_      DIN: _I 3·16_

**Cell Location:** _13B0563_

| **MESSAGE** |
| --- |
| Continue to use AM sich call |
| as needed. |
| Your provider appointment will be |
| rescheduled. |

**Date:** _8-5-14_      **Signed:** _____

EL 113 (07/10)

# EXHIBIT G

CONTENTS:
   (1) HANDWRITTEN LETTER to: M.H.U. from: Derrick
Evans Dated: 6/24/14.

To: M.H.U.
Elmira Correctional Facility

From: Derrick Evans #13B0563
Elmira Correctional Facility Loc: I-3-16
Date: June 24th 2014

Dear Sir/Madam,
For the past 2 weeks or so I have been experiencing nightmares of correction officers beating me to death. I'm finding it hard to sleep more and more because of these nightmares. I wake up sweating, confused not knowing where I am. This has happened several times and lately is happening more often. I am afraid that correction officers will come into my cell and beat me, and I am afraid to leave my cell for recreation and call-outs, I am also more afraid to refuse my call-outs fearing that this will give officers an excuse to come into my cell and beat me. On May 26th 2014 officers used force on me for no good reason and I feel as though, they are waiting for the chance to do it again to kill me.

Thank You
D. Ev

END OF EXHIBITS

