UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DERRICK EVANS,

               Plaintiff,

v.

               Case # 15-CV-6395-FPG-JWF

               DECISION AND ORDER

E.L. BENNETT, et al.,

               Defendants.

## INTRODUCTION

*Pro se* Plaintiff Derrick Evans, an inmate in the New York State correctional system, has twice moved for an order enjoining Defendant Corrections Officer Elliot Bennett and nonparty C.O. Evans from "further assaulting plaintiff" in "direct retaliation" for a lawsuit that he filed against Bennett and several other corrections officers at Elmira Correctional Facility. ECF Nos. 28, 33. For the reasons that follow, Plaintiff's motions are DENIED.

## BACKGROUND

On June 30, 2015, Plaintiff filed a Complaint alleging that several corrections officers, including Defendant Bennett, attacked him in the fieldhouse at Elmira Correctional Facility after Plaintiff suffered an "unprovoked physical attack at the hands of another inmate." ECF No. 1 at 2-3. On December 20, 2017, Defendants answered the Complaint and this case was referred to U.S. Magistrate Judge Jonathan Feldman. ECF No. 14. On May 24, 2018, Plaintiff moved for an order to "restrain" Defendant Bennett and to transfer Plaintiff to a new correctional facility, averring that Defendant Bennett "proceeded to slap and punch the plaintiff in the back of the head, ribs and shoulders" while calling him a racial slur. ECF No. 28 at 3. In response, Defendant Bennett submitted an affidavit from his sergeant stating that Bennett was not at the area where Plaintiff

1

claims Bennett hit him at the time of the alleged incident, an affidavit from Bennett stating that the incident never occurred, and an affidavit from DOCCS employee Terri Ersley stating that she could not find any records documenting the event, including "grievance, inmate injury report[s], unusual incident report[s], use of force report[s], misbehavior report[s] or" videos. ECF No. 30.

On June 20, 2018, Plaintiff again moved to "restrain the defendants" and to "be transferred from the Elmira Correctional Facility." ECF No. 33 at 1. In his second motion, Plaintiff averred that on May 29, 2018, "C.O. Evans . . . spit in the Plaintiff's face and stated 'officer Bennett sends his regards.'" *Id.* at 3. Plaintiff also alleges that on June 8, 2018, Defendant Bennett warned Plaintiff "in a threatening manner" that he knew Plaintiff was a "snitch" and that if he complained to the courts again, Plaintiff would "end up in the 'box' with [his] teeth kicked in." *Id.* at 3-4. In response, Defendant Bennett swore that he did not threaten Plaintiff and that Plaintiff had not filed a grievance about the incident. ECF No. 35 at 1.

## DISCUSSION

District courts have broad discretion in determining whether to grant a preliminary injunction. *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). Ordinarily, a party seeking a preliminary injunction must demonstrate "irreparable harm" and "a likelihood of success on the merits of the claim." *Covino v. Petrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Likelihood of success is defined as a "better than fifty percent" probability of success. *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). Where, "as here, the movant seeks an injunction that will alter" the status quo, he must demonstrate "clear or substantial likelihood of success on the merits." *Doniger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008). Additionally, in "the prison context, a request for injunctive relief must always be viewed with great caution so as not to

immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997).

Plaintiff has not met his burden to demonstrate a clear or substantial likelihood of success on the merits. Because Plaintiff's allegations directly conflict with Defendant's evidence, it cannot be said that he has demonstrated a greater than fifty percent probability of success. Moreover, "Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief." *Scarbrough v. Evans*, No. 9:09-CV-850 (NAM) (DEP), 2010 WL 1608950, at *3 (N.D.N.Y. Apr. 20, 2010) (denying preliminary injunction when "Plaintiff [had] submitted only his own affidavits containing his request for injunctive relief"); *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[A]llegations, without more, are insufficient for the issuance of a preliminary injunction."). Finally, to the extent that Plaintiff's second motion for a preliminary injunction seeks to enjoin nonparty C.O. Evans, the Court lacks personal jurisdiction to enjoin his actions. *See In re Rationis Entm't Inc. of Pan.*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). Plaintiff's motions for a preliminary injunction are accordingly DENIED.

## CONCLUSION

Plaintiffs' preliminary injunction motions (ECF No. 28, 33) are DENIED.

IT IS SO ORDERED.

Dated: July 6, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court