UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DERRICK EVANS,
                Plaintiff,

                                                                           DECISION AND ORDER

                                                                          Case No. 15-CV-6395FPG

v.

C.O. E.L. BENNETT, C.O. M. MAWHIR,
C.O. M. WILLIAMS, and SGT. G. HILL,

                Defendants.

_____

## INTRODUCTION

*Pro se* Plaintiff Derrick Evans ("Plaintiff"), a prisoner at the Elmira Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that Defendants E.L. Bennett, M. Mawhir, and M. Williams used excessive force against him while breaking up a prison fight and that Defendant G. Hill failed to intervene. ECF No. 1. Defendants Mawhir, Williams, and Hill now move for summary judgment. ECF No. 38. For the reasons set forth below, Defendants' motion for summary judgment is DENIED.

## BACKGROUND

The incident giving rise to this action was recorded on Elmira's surveillance camera and the video footage, upon which both parties rely, was submitted to the Court. The video shows that, on May 26, 2014, Plaintiff was sitting at a picnic table in Elmira's fieldhouse playing cards when another inmate approached him and, after a brief discussion, began punching him. Plaintiff got up and began wrestling with the other inmate, resulting in Plaintiff's back hitting the picnic table. The two inmates fell to the floor and continued to struggle until Elmira corrections officers,

including Bennett, Mawhir, and Williams, arrived to break up the fight. Several officers grabbed Plaintiff, pulled him off the other inmate, dragged him a short distance across the floor by his legs, and held him face down on the ground.

As Plaintiff describes it, his wrists, ankles, and shoulders were painfully bent at awkward angles, his back was repeatedly struck, twisted, and pressured by Bennett's knee, and Bennett deliberately pulled upwards on Plaintiff's head and neck at the same time that Mawhir and Williams raised Plaintiff's lower body and bent his spine into an unnatural "U-shape" position. Complaint ("Compl."), ECF No. 1 at 3; Plaintiff Deposition Transcript ("Plaintiff Depo."), ECF No. 38-6 at T. 34-37, 40, 41:4-12, 43, 45-46. Plaintiff also asserts that Bennett punched him in the face "maybe three or four times" on the same side that the other inmate had punched him. Plaintiff Depo., ECF No. 38-6 at T. 34:25-35:5, 36:1-37:4. Plaintiff alleges that, during this incident, Corrections Sergeant Hill was nearby but failed to intervene to stop the other officers from using excessive force against Plaintiff. Compl., ECF No. 1 at 3.

Mawhir admits that he pulled Plaintiff off the other inmate by his right leg, placed his right ankle behind his left knee, and compressed his foot to his buttocks. Mawhir Declaration ("Dec."), ECF No. 38-4 at ¶ 9. Williams admits that he pulled Plaintiff by his pant leg, then took control of his right wrist and bent it inward behind his back, holding it until mechanical restraints were applied. Williams Dec., ECF No. 38-5 at ¶ 8-9. While Mawhir and Williams describe these movements as "body holds" used to restrain and control struggling inmates, Mawhir and Williams Decs., ECF Nos. 38-4, 38-5 at ¶¶ 9, 10, Plaintiff alleges that "at no time did [he] resist." Compl., ECF No. 1 at 3, Plaintiff Depo., ECF No. 38-6 at T. 34:7-10.

Mawhir and Williams deny observing anyone using excessive force and contend that the amount of force used was the minimal amount necessary to safely control the situation. Mawhir

2

and Williams Decs., ECF Nos at ¶¶ 14, 13. They also deny that anyone punched Plaintiff. *Id.* at 38-4, 38-5 at ¶¶ 12, 11.

Plaintiff claims injuries to his back and his mental health. Plaintiff Depo., ECF No. 38-6 at 85:19-86:6. He maintains that he suffers from back pain, nightmares, and PTSD. *Id.* at T. 69:5-70:24; 74:17-79:11; 86:2-16. Plaintiff admits that his arms and legs were not injured and he does not claim that there was anything excessive about how his arms were bent. *Id.* at T. 46:14-15, 48-52. He had two small scratches on his arm, *id.* at T. 47:16-50:6, and claims that he experienced soreness from the punches, but no contusions. *Id.* at 36:14-19.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a pro se plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y.1997) (internal citations omitted). "Typically, excessive force claims present material issues of fact which preclude summary judgment." *Green v. Morse*, No. 00-CV-6533-CJS, 2009 WL 1401642, at *7 (W.D.N.Y. May 18, 2009).

## DISCUSSION

### I. Excessive Force Claim against Mawhir and Williams

Plaintiff claims that Mawhir and Williams used excessive force against him by pulling up on his legs at the same time that Bennett pulled up on his head and neck, bending his spine into a

"U-shape" and hurting his back. Plaintiff alleges that, because he was not resisting the officers, their use of force was unnecessary and intended to injure him.

"An Eighth Amendment excessive force claim requires a plaintiff to prove both an objective element and a subjective element." *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

The objective element is "contextual and responsive to contemporary standards of decency," *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992), and requires that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection," *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). Thus, the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (internal quotation marks and citation omitted). "Consequently, not every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.")). Yet, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* (citations omitted).

The subjective component of an excessive force claim requires a showing that the defendant "had the necessary level of culpability, shown by actions characterized by 'wantonness'" in light of the particular circumstances surrounding the challenged conduct. *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000) (citation omitted). Whether conduct in an excessive force case was "wanton" turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Blyden*, 186 F.3d at 262-63.

On summary judgment, Mawhir and Williams argue that Plaintiff cannot prove either of these elements because he was not injured and because their use of force was necessary to break up the fight between the two inmates.

However, as to the objective element, Plaintiff claims that he suffered back pain because of Defendants' use of force. While Plaintiff arguably has only alleged a *de minimus* injury, and while he could have sustained that injury while fighting with the other inmate, "an excessive force claim does not turn on the severity or lack thereof of Plaintiff's injuries," *Olutosin v. Lee*, No. 14-CV-00685 (NSR), 2018 WL 4954107, at *13 (S.D.N.Y. Oct. 12, 2018), and the Court must draw all reasonable inferences in Plaintiff's favor. *See Mosley v. Woodly*, No. 9:11-CV-1490, 2013 WL 5347272, at *6 (N.D.N.Y. Sept. 23, 2013) (agreeing that the plaintiff's alleged injury of "back pains" appeared to be *de minimis* but explaining that "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury"); *Amaker v. Goord*, No. 9:03-CV-1003, 2008 WL 2732699, at *2 (N.D.N.Y. July 10, 2008) ("Even where there is no significant injury, the malicious use of force for the purpose of causing harm constitutes an Eighth Amendment violation per se, because '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.'") (quoting *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999)).

As to the subjective element, while the fact that Defendants were responding to a prison fight suggests that their use of force was calculated to restore discipline rather than to cause harm, Plaintiff alleges that Defendants applied the excessive force *after* the fight was over and he was already on the ground and not resisting. Defendants do not address this claim in their motion for summary judgment and thus fail to establish the absence of a genuine issue of material fact. *See Griffin*, 193 F. 3d at 91 ("Although appellant's excessive force claim is weak and his evidence

extremely thin, dismissal of the excessive force claim was inappropriate because there are genuine issues of material fact concerning what transpired after appellant was handcuffed and whether the guards maliciously used force against him.").

Nor does the video evidence conclusively resolve this issue, as Plaintiff's body is obscured by the numerous officers on top of him. *See generally Dorlette v. Quiros*, No. 3:10CV615 AWT, 2012 WL 4481455, at *6 (D. Conn. Sept. 26, 2012) (where court could not ascertain from video evidence whether defendants were taking protective action or maliciously punching plaintiff, a genuine issue of material fact precluded summary judgment).

Accordingly, Mawhir and Williams's motion for summary judgment as to Plaintiff's excessive force claim is DENIED.

## II. Failure to Intervene Claim against Hill

Plaintiff claims that Sergeant Hill was nearby during the incident and should have intervened to stop the other officers from using excessive force against him.

An officer can be liable under § 1983 for his or her failure to intervene in a situation where excessive force is being used if "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Ricciuti v. New York City Transit Auth.,* 124 F.3d 123, 129 (2d Cir. 1997). Whether an officer had sufficient time to intercede is ordinarily an issue for the jury to resolve "unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994). Generally, an officer cannot be liable for failing to intervene in incidents that happen in a "matter of seconds." *Henry v. Dinelle*, No. 9:10-CV-0456 (GTS/DEP), 2011 WL 5975027, at *4 (N.D.N.Y. Nov. 29, 2011) (citation omitted).

Here, Sergeant Hill asserts that he was supervising the officers when the incident happened but was not close enough to see everything that was going on; he could only see the backs of the officers who were on top of Plaintiff. The video shows Sergeant Hill walking around the area in which the incident was happening and observing the scene from varying vantage points. The officers had Plaintiff down on the ground for over thirty seconds. *Cf. Pattiasina v. Sewalt*, No. 12-CV-6170-FPG, 2015 WL 5725139, at *2 (W.D.N.Y. Sept. 29, 2015) (where use of force happened in a "split second" and officers were five to seven feet away when the use of force occurred, summary judgment on the plaintiff's failure to intervene claim was appropriate). The Court thus finds that the jury should resolve the issue of whether Sergeant Hill could see any excessive force that occurred and whether he had sufficient time to intervene. Sergeant Hill's motion for summary judgment on Plaintiff's failure to intervene claim is DENIED.

## CONCLUSION

For the reasons stated above, Defendants Mawhir, Williams, and Hill's motion for summary judgment (ECF No. 38) is denied.

IT IS SO ORDERED.

Dated: March 14, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court